Filed 1/15/14  City of Brea v. Cloud 9 CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF BREA,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CLOUD 9, Inc.,<br><br>    Defendant and Appellant. | G046638<br><br>(Super. Ct. No. 30-2011-00444494)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Law Offices of Matthew S. Pappas, Mathew S. Pappas; Anthony Curiale, John J. Murphy, III, and Donna Bader for Defendant and Appellant.

James L. Markman, City Attorney; Richards Watson & Gershon, T. Peter Pierce and Julie A. Hamill for Plaintiff and Respondent.

\*          \*          \*

Under Code of Civil Procedure section 731, which authorizes city officials to file a nuisance abatement action under Civil Code section 3480 in the name of the People of California, the City of Brea (the city) filed a nuisance cause of action against Cloud 9, Inc. (Cloud 9) for operating a medical marijuana dispensary in violation of a city ordinance banning such property uses. On summary judgment, the trial court upheld the ban against Cloud 9's claim it was preempted by state medical marijuana law, found Cloud 9's dispensary activities therefore constituted a per se nuisance based on the ban, entered a permanent injunction against the dispensary, and Cloud 9 now appeals. During the pendency of this appeal, the California Supreme Court concluded in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland Empire*) that local governments may ban medical marijuana dispensaries without triggering preemption by the voters' enactment of the Compassionate Use Act of 1996 (CUA; Health & Saf. Code, § 11362.5; all further statutory references are to this code unless noted) or California's Medical Marijuana Program (MMP; § 11362.7 et seq.).

In supplemental briefing, Cloud 9 contends *Inland Empire* is not dispositive because it did not resolve whether state medical marijuana law preempts local governments from enforcing dispensary bans with misdemeanor penalties typically used to enforce other zoning bans. In a similar vein, Cloud 9 argues *Inland Empire* left unanswered other related questions, including: (1) whether a city "can remove a defense[] created by the MMP[]"; (2) "whether Brea can do indirectly what it cannot do directly;" (3) whether Brea's ordinance "burdens criminal defenses allowed by the MMP[]"; and (4) whether the city's ordinance is "overbroad." Cloud 9 also argues the city's ban is preempted because it amounts to discrimination against seriously ill patients in violation of the Disabled Persons Act (DPA; Civil Code § 54 et seq.). These

2

contentions, however, are simply variations on Cloud 9's core preemption claim. *Inland Empire* determined state medical marijuana law does not preempt total local bans, and we are bound by that conclusion. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity*).) We therefore affirm the judgment.

Having noted the relevant background at the outset, including the city's initiation of nuisance proceedings in the People's name and Cloud 9's claim the People intended in the CUA and MMP to promote the very activity the city banned as a nuisance, we turn to our discussion.

I

DISCUSSION

A.      *Cloud 9 Fails to Distinguish Inland Empire*

As noted at the outset, *Inland Empire*'s authorization of total local bans on medical marijuana dispensaries requires that we affirm the judgment. (*Auto Equity*, *supra*, 57 Cal.2d at p. 455.) Cloud 9's attempts to distinguish *Inland Empire* are unavailing.

Cloud 9 argues that the immunities the MMP provides from criminal prosecution for state law offenses "bars local governments from using penal legislation to prohibit the use of property for medical marijuana purposes." The city's municipal code banning dispensaries provides that "[t]he violation of any of the provisions of this code . . . constitutes a nuisance, and may be abated by the city through civil process by means of [a] restraining order, preliminary or permanent injunction, *or in any other manner provided by law for the abatement of such nuisances*," including criminal misdemeanor penalties. (Brea City Code, § 1.04.010, italics added.)

3

The MMP does not preempt this punishment. The Legislature expressly amended the MMP in 2011 to state that "[n]othing in this article shall prevent a city or other local governing body from . . . [¶] (a) Adopting local ordinances that regulate the location, operation, or establishment of a medical marijuana collective" [and] "(b) The civil *and criminal* enforcement of" valid local ordinances. (§ 11362.83.) Dispensary bans are valid under *Inland Empire*, and Cloud 9's contention therefore fails. (*Inland Empire*, *supra*, 56 Cal.4th at p. 753, fn. 8 [quoting amended § 11362.83 providing for criminal enforcement of local ordinances].)

Cloud 9 raises other arguments that are simply a variation on its original claim that state medical marijuana law preempted the city's dispensary ban. Cloud 9 argues that a city cannot remove defenses created by the MMP, cannot "burden[]" the immunities provided by the MMP, cannot "do indirectly what it cannot do directly," and that the ordinance is constitutionally overbroad. Under *Inland Empire*, however, a city is fully authorized to take direct action against dispensaries by banning them altogether; it need not resort to any indirect measures. Ensuing misdemeanor prosecution does not remove or burden any defenses created by the MMP because the punishment is for violation of a valid city ordinance, not state criminal law. *Inland Empire* also summarily rejected in a footnote any notion the ban impinged on sick patients' due process rights or constitutional right to travel by concluding the right of cities and counties to reject a "'one size fits all'" local distribution plan in the MMP would not "so impede the ability of transient citizens to obtain access to medical marijuana . . . ." (*Inland Empire*, *supra*, 56 Cal.4th at p. 756, fn. 10.) Finally, QPA's assertion the city improperly "amended" the MMP is misplaced. The city did not purport to amend the MMP, but instead passed a valid ordinance that under *Inland Empire* is not preempted by state medical marijuana

4

law.  As they do not affect the controlling nature of *Inland Empire*, the parties' requests for judicial notice are all denied, including as noted specifically in footnote 1 below.

C.     *The City's Ban Does Not Violate the Disabled Persons Act*

Cloud 9 argues the city's dispensary ban violates the DPA by discriminating against disabled and seriously ill persons who establish a medical need for marijuana based on a physician's recommendation.  Cloud 9 distinguishes between discrimination and accommodation, noting the latter "requires more than simply not doing something," and instead involves "*positive* action that requires an expenditure or change."  (Cloud 9's italics.)  Cloud 9 observes that portions of the DPA "require[] that certain government entities and businesses positively *accommodate* the disabled," but Cloud 9 notes it relies only on "the parts of the DPA that prohibit discrimination on the basis of disability."  Specifically, Cloud 9 relies on the DPA's "sweeping prohibition of practices by local governments that *discriminate* against people with disabilities" (Cloud 9's italics) by providing in Civil Code section 54, subdivision (c), that "no qualified individual with a disability shall . . . be subjected to discrimination by any such entity."

The problem with Cloud 9's position is that the Supreme Court has determined the medical marijuana activities "authorized by law" under California's medical marijuana program (§ 11362.768, subd. (e)) may be countermanded by local government bans.  The court held in *Inland Empire* that a city ban on medical marijuana dispensaries is not preempted by California medical marijuana law.  The practical effect of *Inland Empire* is that a disabled person may not look to a dispensary as a source of lawful medical marijuana because its medical marijuana activities are not "authorized by law" until they are ratified by local law.  In other words, state medical marijuana law not

5

only incorporates local dispensary regulations and restrictions (§ 11362.768, subd. (e)), but also outright bans.  Cloud 9 complains this interpretation of state medical marijuana law effectively grants local authorities a license to discriminate against disabled persons by foreclosing a lawful source of medical marijuana to treat their conditions.  But under *Inland Empire*, a source is not lawful unless endorsed by local officials.  We are bound by that conclusion.[1]  (*Auto Equity*, *supra*, 57 Cal.2d at p. 455.)

## III

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

---

[1]     We deny as irrelevant Cloud 9's request filed on October 16, 2013, for judicial notice of a revised U.S. Department of Justice memorandum and other documents suggesting a more lenient *federal* approach to dispensaries that are not engaged in drug trafficking but instead serve the medical needs of their patients.  The documents do nothing to affect the conclusion in *Inland Empire* that state law does not preempt local bans on dispensaries.